IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,515-01






EX PARTE MICHAEL DWAYNE HOPKINS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 2-03-440-A IN THE 382ND

JUDICIAL DISTRICT COURT ROCKWALL COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to felony driving while intoxicated, and the trial court sentenced
him to confinement in prison for a period of five years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that he is eligible
for release from prison to mandatory supervision but that such release was denied. See Tex.
Gov't Code §§ 508.147, 508.149. He argues that his due process rights were violated
because the Texas Board of Pardons and Paroles did not provide him notice of the reasons
for the denial.

 The Board's decision to deny an inmate's release to mandatory supervision is not
subject to judicial review by this Court. Tex. Gov't Code § 508.149(d); Ex parte Geiken,
28 S.W.3d 553, 557 (Tex. Crim. App. 2000). However, the procedures used by the Board
in reaching its decision may be reviewed due to the statute's conveyance of a limited
expectation of release. Ex parte Geiken, 28 S.W.3d at 559. Due process requires that the
Board provide an inmate with timely notice that he will be considered for release prior to the
review taking place. Id. at 560. "[A]n inmate is entitled to notice of the specific month and
year in which he will be reviewed for release on mandatory supervision." Ex parte Retzlaff,
135 S.W.3d 45, 50 (Tex. Crim. App. 2004). 

 Moreover, an inmate "must be given at least thirty days advance notice that he will
be reviewed in the specified month so that he has a sufficient opportunity to submit materials
on his behalf." Id. Due process, though, does not require that an inmate receive a live
hearing before the Board. Ex parte Geiken, 28 S.W.3d at 559. "If release is denied, the
inmate must be informed in what respects he falls short of qualifying for early release." Id. 
Finally, "[d]ue process does not require that the Board provide the particulars in the inmate's
file upon which it rested the decision to deny release." Id.

 The State has failed to respond, and the trial court has not entered findings of fact or
conclusions of law. It is this Court's opinion that additional information is needed before
this Court can render a decision. Because this Court does not hear evidence, though, the trial
court is the appropriate forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960).

 The trial court shall resolve this issue as set out in Article 11.07, Section 3(d), of the
Texas Code of Criminal Procedure, in that it shall order the Parole Division of the Texas
Department of Criminal Justice to file an affidavit, with supporting documentation,
addressing Applicant's grounds for relief. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant was given proper notice of the
reason or reasons for the Board's decision not to release Applicant to mandatory supervision. 
The trial court may also make any further findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's application for habeas corpus
relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: May 10, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.